# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **FANNIE BRANCH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 2:17-cv-2567-cgc |
| | ) | |
| **EDUCATIONAL CREDIT** | ) | |
| **MANAGEMENT CORPORATION** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is the Defendant's October 27, 2017 Motion for Judgment on the Pleadings[1] (D.E. # 15). To date, Plaintiff has not filed a response to the Motion. The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. # 14) For the reasons set forth herein, Defendant's Motion is GRANTED.

On July 21, 2017, Plaintiff, through counsel, filed a civil warrant in the General Sessions Court of Shelby County, Tennessee alleging

> "damages for taking income tax refunds for years without giving any credit and for mishandling the balance and charges on the student loan account of the Plaintiff, which should not even be originally owed due to fraud and the going out of business of the school, with all salient facts in Shelby County, Tennessee, under $25,000.00 dollars."

On August 8, 2017, Defendant filed a Notice of Removal, basing jurisdiction on Plaintiff's claims about the administration of a Federal Family Education Loan Program (FFELP) which is

---
[1] Also before the Court is Defendant's Motion to Compel (D.E. # 16). For the reasons set forth below, this motion is DENIED AS MOOT.

govern by, *inter alia,* 20 U.S.C. §§ 1071, et. seq., 26 U.S.C. § 6402(d), 31 U.S.C. § 3716 and 31 U.S.C. § 3720A. (D.E. # 1) Defendant filed an answer to the complaint on August 15, 2017. (D.E. # 9).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." When, as in the instant motion, the motion is premised on the complaint's failure to state a claim upon which relief may be granted, the motion is evaluated on the same standard as used to evaluate Rule 12(b)(6) motions. *Kottmyer v. Maas,* 436 F.3d 684, 689 (6th Cir. 2006). Defendant argues that Plaintiff's failure to make any factual allegations and failure to allege a legal theory upon which she claims relief renders the complaint inadequate and subject to dismissal.

To survive a motion for judgment on the pleadings, the complaint must contain a "short and plain statement of the claim that the pleader is entitled to relief." Fed.R.Civ.P. 8(2). This pleading standard does not required "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed me" accusation. *Ashcroft v. Iqbal*, ––U.S. ––, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

Here, Plaintiff's complaint fails to meet this minimal standard. There is no indication as to what exactly Plaintiff alleges that Defendant did, what law has been violated or what duty is owed or was breached. While brevity may be the soul of wit[2], it is not necessarily the recipe for drafting a sufficient complaint. The motion is GRANTED.

**IT IS SO ORDERED** this 8th day of December, 2017.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

[2] William Shakespeare, Hamlet, Act II, Scene 2